



**FILED**
**Dec 23, 2019**
**10:15 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Christopher Dennis | ) | Docket No.  2018-08-1446 |
| | ) | |
| v. | ) | State File No. 78312-2018 |
| | ) | |
| Memphis Light, Gas & Water | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded

---

The employee was involved in a motor vehicle accident while riding as a passenger in a work vehicle.  He asserted he sustained injuries to both arms and his right shoulder as a result of that accident.  After several medical evaluations, the authorized physician concluded that the employee's medical conditions pre-existed the work accident and were not at least fifty-one percent causally related to that accident.  Following an expedited hearing, the trial court denied the employee's interlocutory request for additional medical and temporary disability benefits, and the employee appealed.  We affirm the trial court's decision and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Christopher Dennis, Memphis, Tennessee, employee-appellant, pro se

Salwa Adnan Bahhur, Memphis, Tennessee, for the employer-appellee, Memphis Light, Gas & Water

### Memorandum Opinion[1]

Christopher Dennis ("Employee") worked for Memphis Light, Gas & Water ("Employer") as a machine operator.  On September 21, 2018, the work vehicle in which

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

1

he was riding struck a light pole while it was traveling through a parking lot.[2] Employee asserted he "nearly went through the windshield" as a result of the accident. He braced himself by placing his hands on the dashboard. Employee alleged he suffered injuries to both arms and his right shoulder. He also reported low back pain.

Employee was provided a panel of physicians from which he selected Concentra. After an initial evaluation and referral for an orthopedic evaluation, he was given a second panel from which he selected Dr. Riley Jones. Employee first saw Dr. Jones on October 2, 2018, at which time he was diagnosed with bilateral wrist sprains, a right shoulder contusion, and a lumbar sprain. Dr. Jones noted that the initial x-rays "show what appears to be [the] possibility of a previous injury which [Employee] denied." Dr. Jones ordered MRI's of both wrists and the right shoulder. He indicated Employee could return to work as of that date.

In his October 12, 2018 report, Dr. Jones noted that the MRI findings in the wrists and right shoulder were "age indeterminate" or "chronic." His report also indicated he consulted with the radiologist, Dr. John Stanfill, and they "agreed these were all chronic changes." Dr. Jones concluded Employee's medical conditions "did not meet the 51% rule." He advised Employee to follow up with his primary care physician. On October 15, 2018, Dr. Jones signed a final medical report indicating there was no permanent medical impairment and no need for future medical treatment associated with the work injury.

Thereafter, Employee sought treatment with Dr. Norfleet Thompson. In an October 22, 2018 report, Dr. Thompson diagnosed bilateral wrist sprains and right shoulder pain. He commented that these conditions "are likely underlying problems aggravated by the car wreck." Dr. Thompson did not believe Employee was a surgical candidate and prescribed anti-inflammatory medications. He also recommended physical therapy but, according to Dr. Thompson's November 19, 2018 report, Employee could afford to attend only one or two visits with the therapist.

Employee also sought treatment at Champion Orthopedics, where he was seen by Jeffrey Pipkin, a nurse practitioner. Mr. Pipkin treated Employee with wrist braces and medication. Over the course of several visits, no physician in Mr. Pipkin's office addressed the issue of what caused Employee's medical conditions.

In response to Employee's request for an expedited hearing, Employer asserted that the authorized physician, Dr. Jones, concluded Employee's conditions pre-existed the work accident and were not more than fifty percent causally related to that accident.

---

[2] Because neither party filed a transcript of the expedited hearing or a joint statement of the evidence, we have gleaned the facts from the pleadings, Employee's affidavit, and the trial court's expedited hearing order.

2

The trial court agreed, concluding Employee "did not present sufficient medical proof that his need for treatment is causally related to the work accident." The court also determined that Employee "is unlikely to prevail at trial on his claim for temporary disability benefits." It therefore denied his request for benefits. Employee has appealed.

As an initial matter, we note that Employee has chosen to proceed without an attorney throughout the proceedings in the trial court and on appeal, which is his prerogative. "It is well-settled, however, that pro se litigants must comply with the same standards to which lawyers must adhere." *Bates v. Command Ctr., Inc.*, No. 2014-06-0053, 2015 TN Wrk. Comp. App. Bd. LEXIS 10, at *3 (Tenn. Workers' Comp. App. Bd. Apr. 2, 2015). As one court has observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at *11 (Tenn. Ct. App. Nov. 25, 2014); *see also Bucher v. Diversco*, No. 2015-05-0184, 2015 TN Wrk. Comp. App. Bd. LEXIS 46, at *9 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").

Moreover, the Tennessee Workers' Compensation Law expressly provides that "there shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2019). As we have explained previously, in circumstances where no transcript of the expedited hearing is provided, and no joint statement of the evidence is filed, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence." *Hardin v. Dewayne's Quality Metals*, No. 2015-07-0067, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, at *3-4 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015). Such is the case here.

At an expedited hearing, an employee seeking benefits is required to come forward with sufficient proof to convince the trial court that he or she is likely to prevail at trial. Tenn. Code Ann. § 50-6-239(d)(1). Thus, when seeking medical benefits, an employee must convince the trial court that he or she is likely to prevail at trial in

showing that the employment contributed more than fifty percent in causing the need for such medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(14)(C) (2019).

In his brief on appeal, Employee argues that "sufficient medical proof was provided but was overlooked in the trial court." He references a medical report from a "Dr. Mitas" at Champion Orthopedics, but our review of the record reveals no such report. Instead, nurse practitioner Jeffrey Pipkin of Mitias Orthopaedics treated Employee and diagnosed him with a left wrist fracture, a right wrist ligament rupture, and a partial thickness tear of the right shoulder.[3] However, based on our review of the records submitted to the trial court, we note Mr. Pipkin did not address the cause of Employee's medical conditions, and there is no proof that a physician at Mitias Orthopaedic Clinics participated in, reviewed, or approved of Mr. Pipkin's reports.

On the other hand, Dr. Jones, the authorized physician, unequivocally concluded the radiological findings "were all chronic changes," and the work accident was not the primary cause of these conditions. The causation opinions of a physician selected from an employer's panel, as was Dr. Jones, are entitled to a rebuttable presumption of correctness. Tenn. Code Ann. § 50-6-102(14)(E). Employee argues that Dr. Jones applied an incorrect standard in addressing causation because he referred to it as the "51% rule" instead of addressing whether the employment contributed more than 50% in causing the need for medical treatment. While we acknowledge that Dr. Jones's reference to a "51% rule" is not the appropriate standard, we conclude that his opinions, when read in context and in their entirety, support the trial court's conclusion that Dr. Jones's opinions did not support Employee's interlocutory request for benefits.

In short, we agree with the trial court that Employee did not rebut the presumption of correctness attributable to Dr. Jones's causation opinion and did not come forward with sufficient proof at the expedited hearing to show he is likely to prevail at trial on the issue of medical causation. As a result, the trial court's expedited hearing order is affirmed, and the case is remanded. Costs on appeal are taxed to Employee.

---

[3] The record is unclear as to the relationship between Mitias Orthopaedics, PLLC, of Southaven, Mississippi and Champion Orthopedics.



| | | |
|---|---|---|
| Christopher Dennis | ) | Docket No. 2018-08-1446 |
| | ) | |
| v. | ) | State File No. 78312-2018 |
| | ) | |
| Memphis Light, Gas & Water | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of December, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Christopher Dennis | | X | | X | josey18882@gmail.com<br>1182 S. Willett Street<br>Memphis, TN 38106 |
| Salwa Adnan Bahhur | | | | X | salwa@thehuntfirm.com |
| Deana C.Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov